UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATASHA L. ARONSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | **No: 22 CV 6566** |
| | ) | |
| vs. | ) | **Jury Demand** |
| | ) | |
| **TAKEDA PHAMACEUTICAL COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT
AS AND FOR A FIRST CAUSE OF ACTION
(TITLE VII SEXUAL DISCRIMINATION &)
(SEXUAL ORIENTATION DISCRIMINATION)**

1. Plaintiff, **NATASHA L. ARONSON** ("ARONSON"), a former employee of **TAKEDA PHAMACEUTICAL COMPANY,** ("TPC"), seeks redress for sex discrimination and disparate treatment based upon sexual orientation by the Defendant through its agents, in violation of her rights under the Civil Rights Act Title VII.

2. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991, 42 U.S.C. 2000(e) *et seg*., for the Defendant, TPC having subjected ARONSON to sex discrimination and disparate treatment based upon sexual orientation by failure to treat her the same as male employees.

3. Jurisdiction of this court is provided by 28 U.S.C. 1331 and 1343.

**PARTIES**

4. ARONSON, is a female and an adult person and a resident of Cook County, State of Illinois.

5. TPC is an employer within the meaning of the Civil Rights Act and 42 U.S.C. 2000(e)

*et seq*., and has been at all times material to the allegations herein.

6. ARONSON filed a discrimination charge against Defendant with the Equal Employment Opportunity Commission (EEOC). That charge was timely filed, under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. A. § 2000e-5(e). (See Exhibit "A")

7. On February 15, 2017, ARONSON was sent a notice from the EEOC of her right to bring this action (see Exhibit "B"), and ARONSON timely filed this action.

## STATEMENT OF CLAIMS

**8.** ARONSON was an employee of TPC from October 8, 2016, until ARONSON was subject to excessive discipline and wrongfully terminated because of sex discrimination, disparate treatment based upon sexual orientation and being subjected to a hostile environment on February 11, 2021.

9. At all times relevant, ARONSON was meeting the legitimate expectations of TPC.

10. Beginning on January 5, 2021, through February 11, 2021, her immediate supervisor, wrongfully harassed ARONSON, her supervisor knowingly treating ARONSON differently than other employees whom were male and straight females, whose performance was the same as or, less than that of ARONSON.

11. TPC intentionally subjected ARONSON to unequal discipline and discriminatory treatment by discriminating and harassing ARONSON based on her gender and disparate treatment based upon sexual orientation.

12. By engaging in discriminatory conduct, TPC discriminated against ARONSON in violation of 42 U.S.C. 2000(e) as amended.

13. The discriminatory action of TPC as set forth above has caused ARONSON to suffer losses of earnings, and as a further proximate result of TPC's unlawful and intentional

discriminatory actions against ARONSON has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-3 *et seq*; as amended by <u>inter alia</u> the Civil Rights Act of 1991.

14. Further, said action on the part of the TPC was done with malice and reckless disregard for ARONSON's protected rights.

15. Thereafter, ARONSON filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") see Exhibit "A." The EEOC sent a Notice of ARONSON's right to bring this action, see Exhibit "B" which has been timely filed.

## PRAYER FOR RELIEF

WHEREFORE, ARONSON prays for judgment as follows:

1. Declare the conduct engaged in by TPC to be in violation of ARONSON's rights;

2. For injunctive relief, including but not limited to reinstatement and relief required to make ARONSON whole for the losses and protect her from further violation caused by the violations of TPC;

3. For compensatory damages in an amount according to proof;

4. For punitive damages based upon the wrongful conduct of TPC

5. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to <u>42 U.S.C.A § 12117(a),</u> which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, <u>Title 42 U.S.C.A. § 2000e-5(k); and</u>

6. For such other and further relief as the court deems proper.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Title VII-RETALIATION-HOSTILE ENVIRONMENT)

16. ARONSON realleges each and every allegation set forth above with the same force

3

and effect as if more fully set forth herein.

17. TPC has intentionally retaliated against Plaintiff, based upon filing her complaints of disparate treatment based upon sexual orientation and a hostile work environment with her supervisor.

18. Thereafter, TPC's agents created a hostile, retaliatory and offensive work, hostile and retaliatory environment by treating her differently than other employees not complaining of and disparate treatment based upon sexual orientation and/or hostile work environment, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et seq, as amended by, inter alia the Civil Rights Act of 1991.

19. By reason of this retaliation by TPC, Plaintiff did suffer a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

20. Further, said action on the part of the TPC was done with malice and reckless disregard for Plaintiffs' protected rights.

## PRAYER FOR RELIEF

WHEREFORE, ARONSON prays for judgment as follows:

1. Declare the conduct engaged in by TPC to be in violation of ARONSON's rights;

2. For injunctive relief, including but not limited to reinstatement and relief required to make ARONSON whole for the losses and protect her from further violation caused by the violations of TPC;

3. For compensatory damages in an amount according to proof;

4. For punitive damages based upon the wrongful conduct of TPC

5. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the

Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

6. For such other and further relief as the court deems proper.

## AS AND FOR A THIRD CAUSE OF ACTION
### (TITLE VII RACE DISCRIMINATION)

21. ARONSON realleges each and every allegation set forth above with the same force

and effect as if more fully set forth herein.

22. ARONSON seeks redress and relief under Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, for Defendant having subjected Plaintiff to discrimination on the basis of her race.

## STATEMENT OF FACTS

23. This action is brought against TPC having subjected Plaintiff to race Discrimination by failure to treat her the same as non-Black employees despite Plaintiff's complaints about same. Notwithstanding the foregoing, defendant discriminated against plaintiff in the terms and conditions of her employment and denied accommodations based on her race as further alleged herein.

24. Defendant by its action or actions of its agents set forth above, caused and created a hostile work environment which unreasonably interfered with the terms and conditions of Plaintiff's' employment and his performance in her occupation, by failing to treat her the same as non-Black employees by excessive discipline and work performance scurtiny. Further, by said acts, Defendant's agents created a discriminatory and offensive work environment. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by *inter alia* the Civil Rights Act of 1991.

25. As a direct result of TPC's actions, ARONSON has suffered damages in excess

of $100,000 of race discrimination and disparate treatment by TPC, ARONSON has also suffered great pain, humiliation, and mental anguish, all to her damage.

26. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiff's protected rights.

27. Plaintiff exhausted all administrative and other remedies available to his before filing this complaint.

28. Thus, while meeting the minimum standards of his employer, TPC willfully discriminated against ARONSON based upon her race in violation of Title VII.

29. ARONSON has suffered humiliation and mental anguish.

30. TPC's conduct was at all times intentional, willful, and wanton.

WHEREFORE, ARONSON prays for judgment as follows:

A. For monetary damages;

B. For injunctive relief in the form of an order reinstating and enjoining Defendant from continuing to engage in discriminatory conduct;

C. For statutory damages due to the Defendant's willful conduct;

D. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to Title 42 U.S.C.A. § 2000e-5(k);

E. Such other relief as is just and equitable; and

F. The ARONSON requests a jury trial of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (42.S.C. § 1981 RACE DISCRIMINATION)

21. ARONSON realleges each and every allegation set forth above with the same force and effect as if set forth herein for the first time.

22. Due to TPC's conduct, Plaintiff's civil rights under 42 U.S.C. § 1981 *et seq.* to perform, modify, and her employment contract with TPC and enjoy all the benefits,

6

privileges, terms, and conditions of that contractual relationship free of racial discrimination have been violated by TPC.

**23.** Under 42 USC §1981 *et seq.*, TPC is responsible for the acts of its supervisors.

**24.** The meaning of "race" under 42 USC §1981 is broad and is interpreted to include classes of persons based on their ancestry or ethnic characteristics. *St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604 (1987).

**25.** TPC's violations of 42 USC §1981 *et seq.* proximately caused ARONSON to suffer mental stress and emotional pain and suffering.

**26.** Further, said action on the part of the TPC was done with malice and reckless disregard for ARONSON's protected rights.

27. TPC's conduct was at all times intentional, willful, and wanton.

    WHEREFORE, ARONSON prays for judgment as follows:

    A.    For monetary damages;

    B.    For injunctive relief in the form of an order enjoining Defendant from continuing to engage in discriminatory conduct;

    C.    For compensatory damages in an amount to be determined at trial;

    D.    For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 USC §1988;

    E.    Such other relief as is just and equitable; and

    F.    The plaintiff requests a jury trial of this action.

    NATASHA L. ARONSON

    BY:**Michael T. Smith**
    Michael T. Smith
    Trial Attorney


Michael T. Smith
6180407IL
10 N. Martingale Road
Suite 400
Schaumburg, Illinois 60173
(847) 466-1099


